

# RON DESANTIS
GOVERNOR

July 14, 2026

Warden Randall Polk
Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32036-1000

Re: Execution Date for James Aren Duckett, DC# 112232

Dear Warden Polk:

Enclosed is the death warrant that I signed on February 27, 2026, to carry out the sentence for James Aren Duckett, as well as certified copies of his judgment and sentence. The stay of execution entered on March 26, 2026, by the Florida Supreme Court was lifted on July 8, 2026. Therefore, I have designated the week beginning at 12:00 noon on Tuesday, July 28, 2026, through 12:00 noon on Tuesday, August 4, 2026, for the execution. I have been advised that you have set the date and time of execution for Tuesday, July 28 at 12:00 noon.

This letter is incorporated into and made a part of the death warrant identified above and supersedes my previous letter of February 27, 2026.

Sincerely,

Ron DeSantis
Governor

Enclosures

THE CAPITOL
TALLAHASSEE, FLORIDA 32399 • (850) 717-9249

Warden Randall Polk
July 14, 2026
Page 2

cc:

Honorable John D. Couriel
Chief Justice
Supreme Court of Florida
500 S. Duval Street
Tallahassee, Florida 32399

Honorable Daniel B. Merritt, Jr.
Chief Judge, 5th Judicial Circuit
20 N. Main Street
Brooksville, Florida 34601

Secretary Richard D. Comerford
Department of Corrections
501 S. Calhoun Street
Tallahassee, Florida 32399-2500

Marilyn Muir
Associate Deputy Attorney General
Office of the Attorney General
The Capitol, FL-01
Tallahassee, Florida 32300-0001

Eric Pinkard
Capital Collateral Regional Counsel
12973 N. Telecom Parkway
Temple Terrace, Florida 33637

Office of Executive Clemency
4070 Esplanade Way
Building C, Room 229
Tallahassee, Florida 32399-2450

James Aren Duckett, DC# 112232
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32083

Brittney Nicole Lacy
Capital Collateral Regional Counsel
110 S.E. 6th Street Ste 701
Fort Lauderdale, Florida 33301



# STATE OF FLORIDA

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

July 14, 2026

The Honorable Ron DeSantis
Governor
The Capitol
Tallahassee, Florida 32399–0001

RE: James Aren Duckett

Dear Governor DeSantis:

James Aren Duckett, a City of Mascotte police officer, was convicted of and sentenced to death for the first-degree murder and sexual battery of eleven-year-old Teresa McAbee. Teresa's body was found in a lake less than a mile from the convenience store where she was last seen getting into Duckett's patrol car. Teresa had been sexually battered, strangled, and drowned. Distinctive tire tracks matching the tires on Duckett's patrol car were found at the scene. Teresa's fingerprints were found on the hood of Duckett's patrol car indicating "that she had been sitting backwards on the hood and had scooted up the car." The Florida Supreme Court affirmed Duckett's conviction and death sentence. *Duckett v. State*, 568 So. 2d 891 (Fla. 1990).

Over the next three decades Duckett engaged in unsuccessful postconviction litigation in both state and federal courts. *Duckett v. State*, 918 So. 2d 224 (2005) (affirming the denial of postconviction relief and petition for writ of habeas corpus), *cert. denied,* 549 U.S. 846 (2006); *Duckett v. McDonough*, 701 F. Supp. 2d 1245 (M.D. Fla. 2010) (denying petition for habeas corpus); *Duckett v. State*, 148 So. 3d 1163 (Fla. 2014) (affirming denial of postconviction relief); *Duckett v. State*, 260 So. 3d 230 (Fla. 2018) (affirming denial of *Hurst* relief), *cert. denied,* 587 U.S. 1053 (2019).

On February 27, 2026, a death warrant was signed setting Duckett's execution for March 31, 2026, at 6:00 p.m. Between March 5, 2026, and March 17, 2026, Duckett filed additional postconviction motions including an uncontested Rule 3.853 motion for DNA testing. The trial court denied all other relief sought. Duckett appealed,

*PL-01, The Capitol, Tallahassee, Florida 32399-1050, Telephone (850) 414-3300  Fax (850) 487-2564*

petitioned for a writ of habeas corpus, and moved for a stay of the execution. On March 26, 2026, the Florida Supreme Court stayed the execution while proceedings under Rule 3.853 continued in the circuit court. *Duckett v. State*, 428 So. 3d 40 (Fla. 2026).

On March 27, 2026, the DNA testing report was filed in the circuit court. Duckett's requests for discovery of the DNA testing protocols and the data underlying the DNA report were denied. On appeal, the Florida Supreme Court remanded for the underlying data to be provided to Duckett "so that the statistical analysis he seeks may be performed by a qualified bioinformaticist." *Duckett v. State*, 431 So. 3d 990, 997 (Fla. 2026). After filing his qualified expert's report, which did not exonerate him, Duckett sought an evidentiary hearing, which was denied. The Florida Supreme Court dismissed Duckett's appeal of the order denying an evidentiary hearing. *Duckett v. State*, SC2026-0959, slip op. at 1 (Fla. July 1, 2026).

On July 8, 2026, the Florida Supreme Court affirmed the summary denial of Duckett's fifth successive postconviction motion, denied Duckett's habeas petition, and lifted the stay of execution. *Duckett v. State*, SC2026-0449, SC2026-0450, slip op. at 15 (Fla. July 8, 2026).

I certify that the Florida Supreme Court's March 26, 2026, stay of execution has been lifted. The record has been reviewed and there are no stays of execution issued by any court of competent jurisdiction in this cause. Based upon the above-referenced summary of litigation affirming the judgment and sentence of death imposed for first-degree murder, the record is legally sufficient to support the setting of a new execution date.

Sincerely,

James Uthmeier
Attorney General

CIRCUIT COURT CRIMINAL MINUTE BOOK 113, PAGE 131

**1**

☐ **PROBATION VIOLATOR**
*(Check if Applicable)*

**STATE OF FLORIDA**

—vs—

JAMES AREN DUCKETT

Defendant

IN THE CIRCUIT COURT, ___FIFTH___
JUDICIAL CIRCUIT, IN AND FOR

___LAKE___ COUNTY, FLORIDA

DIVISION ___FELONY___

CASE NUMBER ___87-1347-CFA___

# JUDGMENT

The Defendant, ___JAMES AREN DUCKETT___ , being personally before this

Court represented by ___Jack Edmund, Esquire___ , his attorney of record, and having:

*(Check Applicable
Provision)*

XⱮXX Been tried and found guilty of the following crime(s)
☐ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|---|---|---|---|---|
| One | MURDER IN THE FIRST DEGREE | 782.04(1)(a)1 | Capitol | 87-1347-CFA |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

......................

The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to FS. 960.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of three dollars (3.00) as a court cost pursuant to F.S. 943.25(4).

XⱮX   The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S. 943.25(7).
(This provision is optional; not applicable unless checked).

☐   The Defendant is further ordered to pay a fine in the sum of $_____
pursuant to F.S. 775.0835.
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s)).

*(Check if Applicable)*

☐   The Court hereby imposes additional court costs in the sum of $_____.

☐   The Defendant is further ordered to pay an additional $200.00 pursuant to F.S. 27.3455


Case: 1987 CF 001347
DKt: CFJF

Page 1 of _____

Link 23659

CIRCUIT COURT CRIMINAL MINUTE BOOK 113, PAGE 132

**1a**

Imposition of Sentence
Stayed and Withhed
*(Check If Applicable)*

☐  The Court hereby stays and withholds the imposition of sentence as to count(s) _____
and places the Defendant on probation for a period of _____
under the supervision of the Department of Corrections(conditions of probation set forth in separate order.)

Sentence Deferred
Until Later Date
*(Check If Applicable)*

☒XXX  The Court hereby defers imposition of sentence until ___June 30, 1988___
                                                                                        (date)

☒XXXThe Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

☐  The Defendant in Open Court was advised that without expressly reserving his right to appeal he gave up his right to appeal any and all matters relating to the Judgment, including the issue of guilt or innocence, but that his plea did not impair his right to review by appropiate collateral attack.

(CHECK APPLICABLE PARAGRAPH)

_____
Jerry T. Lockett                                    JUDGE

FINGERPRINTS OF DEFENDANT

| 1.  R. Thumb | 2.  R. Index | 3.  R. Middle | 4.  R. Ring | 5.  R. Little |
|---|---|---|---|---|
| | | | | |
| 6.  L. Thumb | 7.  L. Index | 8.  L. Middle | 9.  L. Ring | 10.  L. Little |
| | | | | |

Fingerprints taken by:

_____
Name and Title

DONE AND ORDERED in Open Court at _Tavares, Lake_ County, Florida, this ___10th___ day of _May_ A.D.,19_88_ . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant, _James Aren Duckett_ and that they were placed thereon by said Defendant in my presence in Open Court this date.

STATE OF FLORIDA, COUNTY OF LAKE
I HEREBY CERTIFY the above and foregoing is a true copy of the document filed in this office.
Neil Kelly, Clerk of Circuit Court
By _____ Deputy Clerk
Date 11/18/14
This document may be redacted as required by law.

_____
Jerry T. Lockett                                    JUDGE

FILED IN OPEN COURT

_5-10-88_

CLERK CIRCUIT COURT
LAKE COUNTY, FLORIDA

BY. _Susan K Spooney_
        Deputy Clerk

Page _____ of _____

ccc 108

CIRCUIT COURT CRIMINAL MINUTE BOOK 113, PAGE 133

**2**

Defendant ___JAMES AREN DUCKETT___

Case Number ___87-1347-CFA___

# SENTENCE

(As to Count _____One_____)

The Defendant, being personally before this Court, accompanied by his attorney, ___JACK EDMUND, Esquire___

_____, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown,

☒ and the Court having on ___05-10-88___ deferred imposition of sentence until this date.
(date)

*(Check either provision if applicable)* ☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein,

IT IS THE SENTENCE OF THE LAW that;

☐ The Defendant pay a fine of $_____, plus $_____ as the 5% surcharge required by F.S. 960.25.

☒ The Defendant is hereby committed to the custody of the Department of Corrections
☐ The Defendant is hereby committed to the Custody of the Sheriff of _____ County, Florida

To be imprisoned (check one; unmarked sections are inapplicable)
  ☐ For a term of Natural Life
  ☒ For a term of ___Death Penalty___
  ☐ For an indeterminate period of 6 months to _____ years.

*If "split" sentence complete either of these two paragraphs*

☐ Followed by a period of _____ on probation under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

☐ However, after serving a period of _____ imprisonment in _____ the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section:

*Firearm - 3 year mandatory minimum*
☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm.

*Drug Trafficking - mandatory minimum*
☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1) ( ) ( ) are hereby imposed for the sentence specified in this count.

*Retention of Jurisdiction*
☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court.

*Habitual Offender*
☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

*Jail Credit*
☒ It is further ordered that the Defendant shall be allowed a total of ___247 Days___ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional):

*Consecutive/Concurrent*
It is further ordered that the sentence for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above.

Case: 1987 CF 001347

Page_____ of _____

ccc 120

CIRCUIT COURT CRIMINAL MINUTEBOOK 113, PAGE 134

**3**

Defendant ___JAMES AREN DUCKETT___

Case Number___87-1347-CFA___

**Consecutive/Concurrent**
**(As to other convictions)**

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☒concurrent with (check one) the following:

☒ Any active sentence being served.

☐ Specific sentences: _____

_____
_____
_____

In the event the above sentence is to the Department of Corrections, the Sheriff of ___LAKE___ County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

_____
_____
_____
_____

DONE AND ORDERED in Open Court at ___Tavares, Lake___ County, Florida, this ___30th___ day of ___June___ A.D., 19 __88__ .

_____
Jerry T. Lockett                         JUDGE

STATE OF FLORIDA, COUNTY OF LAKE
I HEREBY CERTIFY the above and foregoing
is a true copy of the document filed in this office.
Neil Kelly, Clerk of Circuit Court
By Woodrow                    Deputy Clerk
Dated  11/18/14
This document may be redacted as required by law.

FILED IN OPEN COURT

*6-30-88*

JAMES C. WATKINS
CLERK OF COUNTY COURT
By:
Susan K Spooner
Deputy Clerk

Page _____ of _____

# DEATH WARRANT
## STATE OF FLORIDA

WHEREAS, JAMES AREN DUCKETT, on or about the 12th day of May, 1987, murdered Teresa McAbee; and

WHEREAS, JAMES AREN DUCKETT, on the 10th day of May, 1988, was convicted of first degree murder and sexual battery and, on the 30th day of June, 1988, was sentenced to death for the murder of Teresa McAbee; and

WHEREAS, on the 6th day of September, 1990, the Supreme Court of Florida affirmed the convictions and death sentence of JAMES AREN DUCKETT; and

WHEREAS, on the 6th day of October, 2005, the Supreme Court of Florida affirmed the trial court order denying JAMES AREN DUCKETT's initial Motion for Postconviction Relief and denied his Petition for Writ of Habeas Corpus; and

WHEREAS, on the 25th day of March, 2010, the United States District Court for the Middle District of Florida denied JAMES AREN DUCKETT's federal Petition for Writ of Habeas Corpus and, on the 23rd day of August, 2010, denied JAMES AREN DUCKETT's Motion for Certificate of Appealability; and

WHEREAS, on the 26th day of October, 2010, the United States Court of Appeals for the Eleventh Circuit denied JAMES AREN DUCKETT's Application for Certificate of Appealability; and

WHEREAS, further postconviction motions and petitions filed by JAMES AREN DUCKETT have been denied and the denials affirmed on appeal; and

WHEREAS, executive clemency for JAMES AREN DUCKETT, as authorized by Article IV, Section 8(a), of the Florida Constitution, was considered pursuant to the Rules of Executive Clemency, and it has been determined that executive clemency is not appropriate; and

WHEREAS, attached hereto is a certified copy of the record of the conviction and sentence pursuant to section 922.052, Florida Statutes.

NOW, THEREFORE, I, RON DESANTIS, as Governor of the State of Florida and pursuant to the authority and responsibility vested in me by the Constitution and Laws of Florida, do hereby issue this warrant, directing the Warden of the Florida State Prison to cause the sentence of death to be executed upon JAMES AREN DUCKETT, in accordance with the provisions of the Laws of the State of Florida.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed at Tallahassee, this 27th day of February, 2026.



_____
GOVERNOR

ATTEST:

_____
SECRETARY OF STATE

DEPARTMENT OF STATE
TALLAHASSEE, FL
2026 FEB 27 PM 3: 58
FILED