## IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF OKLAHOMA

In Re:                                    )
The Setting of Execution Dates            )
In --                                     )
                                          )
RICHARD NORMAN ROJEM,                     )    Case Nos.   D-2007-660
EMMANUEL LITTLEJOHN,                      )                D-2000-1609
KEVIN RAY UNDERWOOD,                      )                D-2008-319
WENDELL ARDEN GRISSOM,                    )                D-2008-595
TREMANE WOOD, and                         )                D-2005-171
KENDRICK ANTONIO SIMPSON,                 )                D-2007-1055
                                          )            **FILED**
        Appellants,                       )    COURT OF CRIMINAL APPEALS
                                          )       STATE OF OKLAHOMA
v.                                        )
                                          )         JAN 3 0 2024
STATE OF OKLAHOMA,                        )
                                          )        JOHN D. HADDEN
        Appellee.                         )            CLERK

### JOINT MOTION TO SET THE PHASE THREE EXECUTION DATES AT 90-DAY INTERVALS

COME NOW, the State of Oklahoma, by and through Attorney General Gentner F. Drummond, and Oklahoma Department of Corrections ("DOC") Executive Director Steven Harpe, by and through DOC General Counsel Kari Y. Hawkins, and hereby move this Court to set, at 90-day intervals, the Phase Three execution dates for Richard Norman Rojem, Emmanuel Littlejohn, Kevin Ray Underwood, Wendell Arden Grissom, Tremane Wood, and Kendrick Antonio Simpson. *See* 22 O.S.2021, § 1001.1(D), (E), (F) (obligating the Attorney General to "suggest the appropriateness of the setting of a new execution date"). For the reasons below, Director Harpe has determined that "[t]he present pace of executions, every 60 days, is too onerous and not sustainable," Affidavit of

Director Harpe, at ¶ 5, attached as Exhibit A ("Ex. A"), and it is therefore respectfully requested that this Court set the Phase Three Execution Dates to begin approximately 90 days after the conclusion of Phase Two and at intervals of 90 days between executions.

## I.    Procedural History

On June 10, 2022, the State notified this Court that there were twenty-five death row inmates whose appeals were exhausted and for whom execution dates should be set in light of Oklahoma's "Execution of Inmates Sentenced to Death" Protocol being ruled constitutional.    After consultation with DOC, the State requested that executions be held at least four weeks apart, only on Thursdays.

On July 1, 2022, this Court issued two orders.    The first order set execution dates for six inmates.    These "Phase One" dates were scheduled four weeks apart.    This Court's second order provided execution dates for the remaining nineteen inmates, in four additional phases.    Phase Two was scheduled to begin on March 9, 2023, with the execution of Jemaine Monteil Cannon.    Each of the other five executions in Phase Two was set to take place four weeks apart, with the exception of the execution of Michael DeWayne Smith, which was scheduled five weeks from the prior execution.

On January 9, 2023, this Court issued an order confirming the execution dates for Phase Two.    On January 17, 2023, however, the State filed a Motion to Reset Execution Dates Set Pursuant to 22 O.S.2021, § 1001.1 ("Motion to Reset"), explaining that the then-current pace of executions—one every four

weeks—was not sustainable for DOC. The State noted that it would "return to the Court at the appropriate time to address the dates for the remaining thirteen executions." Motion to Reset at 4.

On January 24, 2023, this Court granted the State's Motion to Reset and rescheduled the Phase Two execution dates for approximately 60 days apart from each other ("1/24/2023 Order"). Specifically, this Court rescheduled the execution dates for Cannon, Anthony Castillo Sanchez, Phillip Dean Hancock, James Chandler Ryder, Smith, and Wade Greely Lay and stated that it would "address the dates for the remaining executions at an appropriate time in the future." 1/24/2023 Order at 4. Cannon, Sanchez, and Hancock have been executed. The execution for Ryder, scheduled for February 1, 2024, is currently stayed by this Court for competency proceedings. Smith is scheduled for execution on April 4, 2024, and Lay is scheduled for execution on June 6, 2024.

## II.    Request for Scheduling of Phase Three Execution Dates at 90-Day Intervals

Since October 28, 2021, the DOC has successfully carried out eleven executions,[1] exhibiting superior work ethic, professionalism, and concern for the victims' families throughout. As is to be expected, DOC leadership and personnel have continuously sought to learn and improve during this process.

As the agency director, pursuant to the execution protocol, Director Harpe "must select and oversee the training of the execution teams, ensure all team

---

[1] John Marion Grant, Bigler Jobe Stouffer, Donald Anthony Grant, Gilbert Ray Postelle, James Allen Coddington, Benjamin Robert Cole, Richard Stephen Fairchild, Scott James Eizember, Cannon, Sanchez, and Hancock.

3

members understand and comply with protocol provisions, establish and maintain a training schedule, and oversee the training schedule as well as all executions." Ex. A, at ¶ 2. He "can thus speak to the tremendous burden that executions, and the weeks of process leading up to each execution, place on DOC operations and staff." Ex. A, at ¶ 2. Likewise, as the State's chief law officer, the Attorney General has personally attended and witnessed each of the four executions carried out since he took office to ensure they were conducted in a constitutional manner and in accordance with the execution protocol. This has allowed the Attorney General to interview DOC leadership and personnel about the execution process, both before and after each execution, and has given him unprecedented insight into the burden imposed on DOC personnel by each execution.

As Director Harpe explains, "[t]he scheduling of an execution date triggers a series of tasks that must be completed by DOC staff, many of which must occur weeks before the scheduled execution." Ex. A, at ¶ 3. In addition, "[t]he day of an execution affects not only those directly involved in the execution, but the entirety of Oklahoma State Penitentiary, which goes into a near complete lockdown until the execution is completed." Ex. A, at ¶ 3.

Director Harpe further describes that "[e]ach execution, including the preceding weeks of protocol tasks, involves eight different teams, each of which is comprised of multiple individuals." Ex. A, at ¶ 4. "These teams must conduct multiple extensive, intensive trainings—i.e., mock executions—in the weeks and

4

days leading up to each execution." Ex. A, at ¶ 4. Critically, "[s]taff participation in the execution process is strictly voluntary, staff is not required to attend or participate in an execution, and any staff volunteers may withdraw from performing their assigned duties specific to the execution." Ex. A, at ¶ 4 (quotation marks omitted, alterations adopted).

Based on all of the above, Director Harpe has determined that "[t]he present pace of executions, every 60 days, is too onerous and not sustainable." Ex. A, at ¶ 5. "Instead, a sustainable pace would be every 90 days[.]" Ex. A, at ¶ 4.[2] The Attorney General concurs in this determination and, respectfully, assures this Court that an enlarged spacing, of 90 days, is suggested not as a matter of convenience, but only after careful consultation and deliberation and out of the Attorney General's solemn duty to ensure that executions are carried out constitutionally and in compliance with the Execution Protocol. With a sustainable pace of every 90 days, the State does not anticipate requesting further enlargements between executions. Ex. A, at ¶ 5.

WHEREFORE, the State respectfully asks that this Court set the Phase Three execution dates, for Rojem, Littlejohn, Underwood, Grissom, Wood, and Simpson, beginning approximately 90 days out from Lay's scheduled execution on June 6, 2024, with each execution scheduled for a Thursday and each execution spaced approximately 90 days apart from each other.

---

[2] Director Harpe confirms that "[e]nlarging the time between executions from 60 days to 90 days will not cause the execution drugs possessed by DOC to expire before they can be used." Ex. A, at ¶ 6.

5

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**Gentner F. Drummond, OBA #16645**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
**ATTORNEY FOR APPELLEE, THE STATE OF**
**OKLAHOMA**


**STEVEN HARPE**
**EXECUTIVE DIRECTOR OF THE OKLAHOMA**
**DEPARTMENT OF CORRECTIONS**

**Kari Y. Hawkins, OBA #19824**
**General Counsel for Oklahoma Department of**
**Corrections**
Oklahoma Department of Corrections
3400 N. Martin Luther King Avenue
Oklahoma City, OK 73111
(405) 425-2517
**ATTORNEY FOR DIRECTOR HARPE**

6

## CERTIFICATE OF MAILING

On this 30th day of January, 2024, a true and correct copy of the foregoing was mailed to:

Mr. Jack Fisher
PO Box 1976
Edmond, OK 73083
*Counsel for Rojem*

Ms. Emma Rolls
First Assistant Federal Public Defender
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
*Counsel for Littlejohn, Underwood, Grissom, & Simpson*

Ms. Amanda Bass
Assistant Federal Public Defender
850 W Adams St, Suite 201
Phoenix, AZ 85007
*Counsel for Wood*

Gentner F. Drummond

7

<u>AFFIDAVIT</u>

STATE OF OKLAHOMA             )
                             )  ss:
COUNTY OF OKLAHOMA            )

Steven Harpe, being first duly sworn, deposes and states:

1.    I am the Executive Director of the Oklahoma Department of Corrections ("DOC").

2.    Executions in Oklahoma are governed by the "Execution of Inmates Sentenced to Death" Protocol ("Execution Protocol"),[1] promulgated in February 2020. Pursuant to the Execution Protocol, as agency director, I must select and oversee the training of the execution teams, ensure all team members understand and comply with protocol provisions, establish and maintain a training schedule, and oversee the training schedule as well as all executions. Execution Protocol at 5, 9, 20, 25-27. I can thus speak to the tremendous burden that executions, and the weeks of process leading up to each execution, place on DOC operations and staff.

3.    The scheduling of an execution date triggers a series of tasks that must be completed by DOC staff, many of which must occur weeks before the scheduled execution. Execution Protocol at 13-21. The day of an execution affects not only those directly involved in the execution, but the entirety of Oklahoma State Penitentiary, which goes into a near complete lockdown until the execution is completed. Execution Protocol at 21-22.

4.    Each execution, including the preceding weeks of protocol tasks, involves eight different teams, each of which is comprised of multiple individuals. Execution Protocol at 5-9. These teams must conduct multiple extensive, intensive trainings—i.e., mock executions—in the weeks and days leading up to each execution. Execution Protocol at 9-10. "Staff participation in the execution process is strictly voluntary," "staff is not required to attend or participate in an execution," and "[a]ny staff volunteers may withdraw from performing their assigned duties specific to the execution . . . ." Execution Protocol at 5.

5.    Based on the executions I have overseen, and in my judgment as executive director, the present pace of executions, every 60 days, is too onerous and not sustainable. Instead, a sustainable pace would be every 90 days, for all the aforementioned reasons, particularly given the volunteer nature of the execution teams. With a sustainable pace of every 90 days, I do not anticipate requesting further enlargements between executions.

---

[1]  Available at https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-04/op040301.pdf.

1

EXHIBIT

A

PENGAD 800-631-6989

6.    Enlarging the time between executions from 60 days to 90 days will not cause the execution drugs possessed by DOC to expire before they can be used.

Further Affiant sayeth not.

STEVEN HARPE

Subscribed and sworn to before me this 29 day of January, 2024.

Notary Public

2