Oklahoma Attorney General Gentner Drummond
*Via email*

Dear Attorney General Drummond,

We are writing in our capacity as former Oklahoma Department of Corrections officials to urge you to revisit the State of Oklahoma's plan to execute more than 20 men over the next two years. A reassessment of this execution schedule is necessary to protect the correctional staff who are already experiencing lasting trauma as a result of the back-to-back executions Oklahoma began carrying out in August.

From our collective decades of work in corrections, we know that the execution process harms corrections officers and the morale of the Department of Corrections. The psychological toll of carrying out a death sentence is well-documented. Those of us who have participated in executions experienced the trauma first-hand, while others of us witnessed the toll it took on colleagues. Post traumatic stress disorder, substance abuse, and even suicide increase among corrections staff following  proximity to an execution, even among those who did not participate directly. A recent story on NPR  highlighted the trauma experienced by correctional officers as a result of the execution process. We  encourage you to listen to it at this link: https://tinyurl.com/22x8dstx.

The risk to correctional staff is heightened when multiple executions are carried out in rapid sequence, as Oklahoma has been doing since the previous Attorney General requested and received 25 execution dates over a 29-month period. That relentless pace of executions means the prison never really returns to normal operations after the emotional and logistical upheaval of an execution.

Indeed, reports from the Oklahoma State Penitentiary describe near-constant mock executions being conducted within earshot of prisoners' cells, staff offices, and visiting rooms, and correctional staff have communicated privately with visiting defense mental health experts about the distress they are experiencing due to the nonstop executions.

This compressed execution schedule also increases the risk of something going wrong during the execution process because the stress created by each execution compounds the difficulty of an already complex procedure. If even a routine execution can inflict lasting harm on corrections staff, the traumatic impact of a botched execution is exponentially worse. Oklahoma has experienced this harm on multiple occasions and should not needlessly place its hardworking correctional staff at risk of another such mistake.

Our colleagues in the Oklahoma corrections system are professionals. Still, it is incumbent on leaders to avoid putting public servants in positions where they face a real risk of harm. In addition to the problems outlined above, the Oklahoma Department of Corrections—and the Oklahoma State Penitentiary in particular—are currently experiencing a severe staffing shortage. Short staffing exacerbates stressors on correctional staff and interferes with the Department's ability to rotate staff off death row at six-month intervals as required by policy and correctional best practices.

For all these reasons, we hope you will do everything in your power to reevaluate Oklahoma's remaining scheduled executions, including by seeking a revised execution schedule from the

23 ORA 9 OK Watch 000002

Oklahoma Court of Criminal Appeals[1] that provides more time between executions, spacing them a minimum of several months apart, in order to ensure the safety and well-being of the State's correctional employees.

Sincerely,

The undersigned (listed in alphabetical order)

**Joe M. Allbaugh,** Director, Oklahoma Department of Corrections, 2016-2019. Also served as Director of the Federal Emergency Management Agency under President George W. Bush, Chief of Staff to Texas Governor George W. Bush, Deputy Oklahoma Transportation Secretary, and Staff Executive to Oklahoma Governor Henry Bellmon.

**Ed Evans,** Associate Director, Oklahoma Department of Corrections, 2005-2016, including oversight of Oklahoma State Pentientiary. Also served in ODOC as Regional Director, Acting Director (four separate occasions), Warden, James Crabtree Center, and. Warden, James Hamilton Correctional Center.

**Reginald Hines,** Division Manager, Community Corrections and numerous other positions, Oklahoma Department of Corrections, 1978-2017. Also served on the Board of Corrections, 2017- 2019.

**Joyce Jackson,** Executive Communications Director, Oklahoma Department of Corrections, 2005- 2015. Also served as Public Relations Officer and Public Information Officer for ODOC from  1982-1997.

**Clinton Johnson,** Assistant to the Associate Director, Oklahoma Department of Corrections, 1999-2001. Also served as Regional Administrator for Community Sentencing, 1997-1999, and Deputy Warden, Lexington Assessment and Reception Center, 1994-1997.

**Justin Jones,** Director, Oklahoma Department of Corrections, 2005-2013, also served in numerous other positions within ODOC over a 37-year correctional career.

**Neville Massie,** Assistant to the Director and Legislative Liaison, Oklahoma Department of Corrections, 2006-2014. Also served as Warden, Mabel Bassett Correctional Center and in several other positions within ODOC.

**J'me Overstreet,** Associate Director, Oklahoma Department of Corrections, 2005-2012, including oversight of recruitment, training, and master rosters. Also served in ODOC as Director of Employee Assistance Program, correctional officer, and probation/parole officer.

**Dan Reynolds,** Warden, Oklahoma State Penitentiary, 1991-94, including overseeing two executions. Also served in numerous other positions within ODOC over a 31-year career.

---

[1] There is precedent for this. In 2015, following a series of problematic executions and near executions, then-Oklahoma Attorney General Scott Pruitt moved the Oklahoma Court of Criminal Appeals for an indefinite stay of all scheduled executions to afford the Oklahoma Attorney General's Office time to evaluate the Oklahoma Department of Corrections' practices and procedures relating to the State's execution protocol. *See* State's Notice and Request for Stay of Execution Dates at 2, *Richard Eugene Glossip, et al. v. State of Oklahoma*, No. D-2005-310 (Okla. Crim. App. Oct. 1, 2015). The OCCA granted the requested stay. Order Issuing Stay, *Richard Eugene Glossip, et al. v. State of Oklahoma*, No. D-2005-310 (Okla. Crim. App. Oct. 3, 2015).

23 ORA 9 OK Watch 000003