UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA,
TALLAHASSEE DIVISION

**JAMES AREN DUCKETT**,
**DOMINICK OCCHICONE**,
      Plaintiffs,

v.

**RON DESANTIS,** Governor of
Florida,
et, al.,
      Defendants.

_____/

Civil Action No.

**<span style="color:red">EMERGENCY INJUNCTIVE RELIEF SOUGHT EXECUTION SCHEDULED FOR: JULY 28, 2026, AT 12:00 P.M.</span>**

## <u>EMERGENCY MOTION FOR STAY OF EXECUTION</u>

**COMES NOW THE PLAINTIFFS, JAMES AREN DUCKETT and DOMINICK OCCHICONE,** by and through undersigned counsel, and herein moves the Court to enter a stays of execution by the State of Florida, currently scheduled to take place on July 28, 2026, at 12:00 p.m., at Florida State Prison. In support thereof, Plaintiffs state as follows:

### I.    Introduction

Plaintiff James Aren Duckett, a death-sentenced Florida prisoner with an execution scheduled for July 28, 2026, at 12:00 p.m., and Plaintiff Dominick Occhicone, a death-sentenced Florida prisoner with an execution scheduled for July 28, 2026, at 6:00 p.m., filed a 42 U.S.C. § 1983 complaint in this Court, seeking emergency declaratory and injunctive relief preventing his execution from

1

proceeding. In this Motion, Plaintiffs seek a stay of execution so that this Court may consider the arguments in his complaint without the exigencies of an active death warrant.

## II.    Mr. Duckett's Action Satisfies the Requirements for a Stay

A stay of execution of a death sentence is a form of injunctive relief. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Under Eleventh Circuit precedent, a stay is thus warranted when four factors are satisfied: "(1) [the applicant] has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec'y, Dept. of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citing *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011).

Plaintiffs have alleged in their § 1983 complaint that their federal constitutional right against cruel and unusual punishment will be violated if the State of Florida proceeds with his execution as planned. Plaintiffs have proffered facts that satisfy each of the elements required for a stay. As such, Plaintiffs should be granted a stay pending this Court's resolution of this action in the ordinary course, without the imminent threat of execution.

### A.    The Cause of Action Has a Substantial Likelihood of Success

Plaintiffs' complaint alleges that, given the State of Florida's intention to

execute two capital defendants on the same day, Defendants create a substantial risk that the Plaintiffs will experience pain and suffering in violation of the Eighth Amendment a violation of their rights to Equal Protection under the Fourteenth Amendment

The Eighth Amendment's guarantee protection from cruel and unusual punishment applies both at sentencing and in the carrying out of the sentence. *Glossip v. Gross*, 576 U.S. 863, 877 (2015). By combining Mr. Duckett's execution day with Mr. Occhionne's, the risk of a botched execution is exponentially increased due to factors including the impact of the prison and execution teams not being prepared to conduct two executions on the same day and the risk of errors with the lethal injection drugs. Additionally, by creating two separate classes of individuals who are treated differently in their execution proceedings, the Defendants have violated the Plaintiff's right to equal protection. This arbitrary treatment burdens the Plaintiffs' right to be free of cruel and unusual punishment.

The facts in the complaint as asserted by Mr. Duckett and Mr. Occhoicone warrant a grant of relief.

### B.   Plaintiffs Will Suffer Irreparable Injury—Death—If No Injunction is Issued

If this Court does not issue a stay, Plaintiffs will be executed in a manner that needlessly inflicts pain and suffering. The Eleventh Circuit has held that the threat of an imminent execution is a presumptive injury. *See, e.g., In re Holladay*, 331 F.3d

3

1169, 1177 (11th Cir. 2003) ("We consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident."); *Ferguson v. Warden, Fla. State Prison*, 493 F. Appx 22, 26 (11th Cir. 2012) (Wilson, J., concurring) ("As a general rule, in the circumstance of an imminent execution, this court presumes the existence of irreparable injury.").

### C.    A Stay Would Not Harm Defendants

Mr. Duckett has been on Florida's death row since 1988, during which time he has had a near perfect disciplinary record. He has been eligible for an execution warrant since his clemency proceedings initiated in 2014. There is no reason to deny a stay and deny Mr. Duckett the review to which he is entitled.

Mr. Occhicone has been on Florida's death row since 1987, and has likewise had a near perfect disciplinary record. He has been eligible for an execution warrant since his clemency proceedings initiated in 1991 and were updated in 2014. There is no reason to deny a stay and deny Mr. Occhocone the review to which he is entitled.

Defendants would not suffer financial or any other harm from a stay to allow the Court to evaluate the violation of Petitioners' federal constitutional due process rights. While the State has a legitimate interest in the timely enforcement of valid criminal judgments, it has no legitimate interest in executing Petitioners via a method that would risk the wanton infliction of pain or suffering in violation of the

Eighth and Fourteenth Amendments. *See, e.g., In re Holladay*, 331 F.3d at 1177 (finding "no substantial harm that will flow to the State of Alabama or its citizens from postponing petitioner's execution to determine whether that execution would violate the Eighth Amendment").Where an individual's claim underlying his desire for a stay of execution could mean further proceedings, that weighs heavily against a State's interest in the person's imminent execution. *Id.* ("Moreover, contrary to the State's contention that its interest in executing Holladay outweighs his interest in further proceedings, we perceive no substantial harm. . .")

### D.    A Stay Would Not Be Adverse to the Public Interest

The public has an interest in the prevention of constitutional violations, particularly those carried out in the name of the People. *See Woodson v. North Carolina*, 428 U.S. 280, 303-04 (1976) ("[D]eath is a punishment different from all other sanctions in kind rather than degree."). In the context of the death penalty, where the punishment is "the most irremediable and unfathomable of penalties," *Ford v. Wainwright*, 477 U.S. 399, 411 (1986), . . . .

The public interest is best served by ensuring that all death-sentenced individuals have meaningful access to federal constitutional rights, especially the humane and dignified carrying out of a death sentence. *See Ford v. Wainwright*, 477 U.S. 399, 409-10 (1986) (The Eighth Amendment seeks "to protect the dignity of society itself from the barbarity of exacting mindless vengeance" when carrying out

5

an execution.). Thus, it is in the public interest to address and resolve the merits of Petitioners' claims to identify and prevent the unconstitutional risk of causing gratuitous suffering. *See Cooey v. Taft*, No. 2:04-cv-1156, 2007 WL 2607583, at *5 (S.D. Ohio 2007) (granting emergency motion for preliminary injunction and stating "the public interest is served only by enforcing constitutional rights and by the prompt and accurate resolution of disputes concerning those constitutional rights. By comparison, the public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights."). Allowing the State to execute a defendant without meaningful review of whether that execution will violate the Eighth Amendment is adverse to the public interest— more than any minimal delay that may result from granting Petitioners' request for a stay and injunctive relief.

### III.   Conclusion

For the reasons set forth above, and in his complaint, Petitioner requests that the Court enter a stay of his scheduled July 28, 2026, execution so that his § 1983 action can be considered without the imminent threat of Petitioners' deaths.

Respectfully Submitted,

Counsel for Mr. Duckett:

/s/ Brittney N. Lacy
BRITTNEY LACY
Assistant CCRC-South
Fla. Bar No. 116001
lacyb@ccsr.state.fl.us
ccrcpleadings@ccsr.state.fl.us

/s/ Courtney M. Hammer
COURTNEY M. HAMMER
Assistant CCRC-South
Fla. Bar No. 1011328
hammerC@ccsr.state.fl.us

CAPITAL COLLATERAL
REGIONAL COUNSEL-SOUTH
110 SE 6th Street, Suite 701
Fort Lauderdale, FL 33301
Tel. (954) 713-1284

/s/ Mary E. Wells
MARY ELIZABETH WELLS
Fla Bar. No. 0866067

Law Office of M.E. Wells
623 Grant Street SE
Atlanta, GA 30312
mewells27@comcast.net

Counsel for Mr. Occhicone

/s/ Ali A. Shakoor
ALI A. SHAKOOR
Florida Bar No. 0669830
Assistant CCRC
shakoor@ccmr.state.fl.us

/s/ Debra Roganne Bell
DEBRA ROGANNE BELL
Florida Bar No. 0973068
Assistant CCRC
bell@ccmr.state.fl.us

/s/ Mahham Syed
Mahham Syed
Florida Bar No. 1049535
Assistant CCRC
syed@ccmr.state.fl.us

CAPITAL COLLATERAL
REGIONAL COUNSEL-
MIDDLE REGION
12973 N. Telecom Parkway
Temple Terrace, Florida 33637
T: 813-558-1643

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by

electronic service to the parties this 23th day of July, 2026.

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South
