# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES AREN DUCKETT** and
**DOMINICK OCCHICONE**,

      **Plaintiffs**,

**v.**                                        **Case No. 4:26-cv-355-TKW-MAF**

**RON DESANTIS**, **et al.**,

      **Defendants**.

_____/

## <u>ORDER DENYING STAY OF EXECUTION</u>

Plaintiffs are death-sentenced inmates under active warrants. Their executions are scheduled for next Tuesday, July 28—one at noon (Duckett) and one at 6:00 p.m. (Occhicone).

On July 23, at 8:51 p.m., Plaintiffs filed a three-count complaint against four state officials[1] (collectively, "the State") under 42 U.S.C. §1983 asserting that the scheduling of their executions on the same day violates their rights under the First, Fifth, Eighth, and Fourteenth Amendments. They also moved to stay their executions pending disposition of the claims asserted in the complaint.

---

[1] The Florida Governor, the Secretary of the Florida Department of Corrections, the warden of the facility where Plaintiffs are incarcerated, and the Commissioner of the Florida Department of Law Enforcement.

The motion to stay was briefed on an expedited basis. Oral argument is not needed to rule on the motion. Thus, the motion is ripe for resolution.

The Court may only grant a stay of execution if the inmate "establishes that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Barwick v. Governor of Fla.*, 66 F.4th 896, 900 (11th Cir. 2023) (quotation omitted). The Court must also consider "the extent to which the inmate has delayed unnecessarily in bringing the claim," *Walls v. Sec'y, Dep't of Corr.*, 161 F.4th 1281, 1284 (11th Cir. 2025) (quoting *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004)), because "[l]ast-minute stays should be the extreme exception, not the norm, and 'the last-minute nature of an application' that 'could have been brought' earlier … 'may be grounds for denial of a stay.'" *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019) (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).

Here, the State does not argue that Plaintiffs unduly delayed bringing this action, and for good reason—although Occhicone's execution had been scheduled for July 28 for more than a month before the complaint was filed, the claims in the complaint did not accrue until July 14 when Duckett's execution date was also set

2

for July 28.[2]  Thus, the disposition of the motion to stay will turn on the four stay factors.

Likelihood of success is "[t]he 'first and most important question'" in determining whether to grant a motion to stay an execution. *Barwick*, 66 F.4th at 902 (quoting *Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288, 1292 (11th Cir. 2016)).  Here, the State argues that Plaintiffs are not likely to succeed on any of the three counts asserted in the complaint.  The Court agrees.

Count I alleges that scheduling Plaintiffs' executions on the same day constitutes cruel and unusual punishment.  This claim is based on allegations that conducting multiple executions on the same day exacerbates the stress on correctional officers and others involved in the execution process and amplifies the risk of errors in the process, which in turn, "heightens the risk … that Plaintiffs will unconstitutionally suffer."  This claim is based on nothing more than conjecture and speculation, and it is well-established that "[p]risoners cannot succeed on a method-of-execution claim unless they can establish that the method challenged presents a risk that is <u>sure or very likely</u> to cause serious illness and needless suffering, and

---

[2]  Duckett's execution was originally scheduled for March 31, but the Florida Supreme Court stayed the execution on March 26.  *See Duckett v. State*, 428 So.3d 40 (Fla. 2026).  The stay was lifted on July 8, *see Duckett v. State*, 2026 WL 1970442, at *5 (Fla. July 8, 2026), and on July 14, the execution was rescheduled for July 28.

gives rise to sufficiently <u>imminent</u> dangers." *Price v. Comm., Dep't of Corr.*, 920 F.3d 1317, 1325 (11th Cir. 2019) (emphasis in original and quotations omitted).[3]

Count II alleges that scheduling Plaintiffs' executions on the same day violates their due process and equal protection rights. Plaintiffs do not cite any authority for the proposition that they have a due process right to be executed on different days, and even if Plaintiffs' allegation that no state has conducted multiple executions on the same day since 2000 is true, the Court has no doubt that the historical record would show that multiple executions on the same day were not uncommon from the founding era to more recent times.[4] Likewise, Plaintiffs do not cite any authority for the proposition that their right to equal protection will be violated if, unlike "all other men who have been executed by the State of Florida in the modern day," they are executed on the same day, and the Court sees nothing irrational[5] about the State

---

[3] The Court did not overlook Plaintiffs' allegations that the last two states to conduct multiple executions on the same day experienced problems and that it was suggested that the "extra stress" associated with the schedule may have been a contributing factor to the problems in one of the states. However, those allegations do not make Plaintiffs' Eighth Amendment claim any less speculative because the complaint provides no meaningful factual basis to compare the circumstances of those executions to Florida's execution protocol. Thus, it is not reasonable to infer that Florida will have problems conducting multiple executions on the same day (or that Plaintiffs will suffer unnecessary pain) simply because other states may have had problems when they attempted to conduct multiple executions on the same day.

[4] Time does not allow thorough historical research on this issue, but one famous example is the hanging of Mary Surratt and the other Lincoln Conspirators together in 1865. Also, according to the online database maintained by the Death Penalty Information Center, there were numerous states that conducted same-day executions as recently as the 1990s.

[5] Plaintiffs cite no authority for the proposition that death row inmates are a suspect class and the Eleventh Circuit has held "prisoners are not a suspect class." *Jackson v. State Bd. of*

wanting to conduct multiple executions on the same day for the sake of convenience or efficiency.

Count III alleges that scheduling Plaintiffs' executions on the same day violates their right of access to courts. This claim is premised on Plaintiffs not having a meaningful opportunity to challenge the same-day scheduling of their executions between July 14 when Duckett's execution was scheduled and the July 28 execution date. Plaintiffs do not, however, cite any authority for the proposition that they are entitled to a specific amount of time to litigate post-conviction claims and the fact that they did not file this action until nine days into the 14-day period before the execution date cuts against them on this claim—as does the fact that they have now been heard (albeit on an expedited briefing schedule) on at least the potential likelihood of success on their claims.

Not only have Plaintiffs not established a likelihood of success on their claims, but the other stay factors also weigh against them. Indeed, the speculative harm that they might suffer from being executed on the same day is far outweighed by the interest of the State and the public in administering long-overdue justice to Plaintiffs for their heinous crimes. *See Hill*, 547 U.S. at 584 (explaining that the state has a

---

*Pardons and Paroles*, 331 F.3d 790, 797 (11th Cir. 2003). Thus, Plaintiffs' equal protection claim would be subject to rational basis review, not heightened scrutiny.

"strong interest in enforcing its criminal judgments without undue interference from the federal courts").

That said, even if the Court was persuaded that the stay factors weighed in Plaintiffs' favor, that would not mean that both Plaintiffs would be entitled to a stay of their executions as their motion requests. Rather, it would only mean that one of the executions scheduled for next Tuesday would need to be moved to another day in the warrant period. It would be up to the State to decide in the first instance which execution—Duckett's or Occhicone's—will proceed as scheduled and which one will be rescheduled.

*   *   *

Accordingly, for the reasons stated above, it is **ORDERED** that Plaintiffs' motion for a stay of execution (Doc. 2) is **DENIED**.

**DONE and ORDERED** this 24th day of July, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**